UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ARTURO GONZALES,

           **Plaintiff,**                  **CIVIL ACTION NO. 08-CV-14547**

    **vs.**

                                     **DISTRICT JUDGE SEAN F. COX**

**COMMISSIONER OF**             **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

           **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendant's Motion to Remand (docket no. 13) should be GRANTED

and the instant case remanded.

***

       Plaintiff filed his original complaint on October 27, 2008.  (Docket no. 1).  On May 18, 2009

Defendant filed an Ex Parte Motion And Brief For Enlargement Of Time For Defendant To File Its

Answer, Move Or Otherwise Plead, which the Court granted.  (Docket no. 11).  On June 17, 2009

Defendant filed a Motion To Remand.  (Docket no. 13).  Plaintiff filed a Response To Defendant's

Motion To Remand on June 19, 2009.  (Docket no. 14).  This matter was referred to the undersigned

for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and Report

and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  (Docket no. 3).

       Defendant advises the Court by its Motion to Remand that the Office of Disability

Adjudication and Review has advised the Office of the Regional Chief Counsel Region V that the

recording(s) of Plaintiff's administrative hearing held on July 6, 2007 cannot be located at this time.

Defendant moves to remand this case pursuant to sentence six of section 205(g) of the Social

Security Act, 42 U.S.C. § 405(g). Section 205(g) provides that "[t]he court may, on motion of the

Commissioner of Social Security made for good cause shown before the Commissioner files the

Commissioner's answer, remand the case to the Commissioner of Social Security for further action

by the Commissioner . . . ." 42 U.S.C. § 405(g). Defendant has not yet filed an answer to Plaintiff's

complaint.  As Defendant points out, a missing or incomplete file may constitute good cause to

remand the claim to the Commissioner to produce the record.  *See* H.R. Rep. No. 96-944, 96th

Cong., 2d Sess. 59 (1980) ("Where, for example, the tape recording of the claimant's oral hearing

is lost or inaudible, or cannot otherwise be transcribed, . . . good cause would exist to remand the

claim to the secretary for appropriate action to produce a record which the courts may review under

205(g) of the Act."); *see also Caffrey v. Comm'r of Soc. Sec.*, 2009 WL 1507306 (N.D. Ohio May

26, 2009).

Defendant asks that the case be remanded to the Commissioner for the Appeals Council to

search for the missing record for 90 days and if the record is located, the certified administrative

record will be prepared.  If the record is not located within 90 days, the Appeals Council will remand

the case to an Administrative Law Judge to hold a *de novo* hearing and issue a new decision.

Plaintiff in his Response brief concurs that the case should be remanded to locate the record.

Plaintiff argues, however, that 90 days is too long in light of the prior 30-day extension for

Defendant to answer, which together would result in a total 120-day delay for purposes of locating

the missing recording.  Plaintiff asks for a remand after 30 days to an Administrative Law Judge to

hold a *de novo* hearing and issue a new decision pursuant to 42 U.S.C. § 405(g).  (Docket no. 14).

There is good cause to remand this case pursuant to 42 U.S.C. 405(g) and therefore the

undersigned recommends that this case be remanded for further administrative action pursuant to

that portion of the Act.  Defendant's Motion to Remand should be granted in part and the instant

case remanded to the Appeals Council to allow the Appeals Council an additional 45 days to locate

the missing recording(s) of Plaintiff's July 6, 2007 hearing.  If the complete recording(s) is location,

the certified administrative record will be prepared.  If the complete recording is not located within

45 days, the Appeals Council will remand the case  to an Administrative Law Judge to hold a *de*

*novo* hearing and issue a new decision.

## REVIEW OF REPORT AND RECOMMENDATION:

Either party to this action may object to and seek review of this Report and

Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in

28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes

a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y*

*of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947

(6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity

will not preserve all objections that party might have to this Report and Recommendation.  *See*

*Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of

the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of

any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing

party may file a response.  The response shall be not more than five (5) pages in length unless by

motion and order such page limit is extended by the Court.  The response shall address specifically,

and in the same order raised, each issue contained within the objections.

-3-

Dated: October 08, 2009              s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

        I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 08, 2009               s/ Lisa C. Bartlett
                                     Courtroom Deputy