UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Arturo Gonzales,

    Plaintiff,

v.                                                          Case No. 08-14547

Commission of Social Security,               Honorable Sean F. Cox

    Defendant.

_____/

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

Plaintiff John Arturo Gonzales ("Plaintiff") filed this action on October 27, 2008, challenging the Commissioner of Social Security's unfavorable decision disallowing benefits. Thereafter, the parties filed cross-motions for summary judgment. Those motions were referred to Magistrate Judge Mona K. Majzoub, pursuant to 28 U.S.C. § 636, for issuance of a report and recommendation.

On July 18, 2012, Magistrate Judge Majzoub issued her report and recommendation ("R&R") wherein she recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and dismiss Plaintiff's Complaint. (Docket Entry No. 29).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a

matter by a magistrate judge must file objections to the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*. A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the Court to alleged errors on the part of the magistrate judge. *VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004).

On July 24, 2012, Plaintiff filed written objections to the July 18, 2012 R&R. (Pl.'s Objs., Docket Entry No. 30).

In the R&R, Magistrate Judge Majzoub provided a detailed and accurate summary of the ALJ's written decision, the December 21, 2010 hearing conducted by the ALJ, and the medical evidence contained in the administrative record. Magistrate Judge Majzoub also discussed the five-step sequential analysis used to determine whether Plaintiff is eligible for disability benefits. Magistrate Judge Majzoub concluded that substantial evidence supports the ALJ's decision that Plaintiff does not satisfy Listings 1.02 (major dysfunction of a joint), 11.02 (convulsive epilepsy), 11.03 (nonconvulsive epilepsy), 12.02 (organic mental disorder), and 12.04 (affective disorder). She also concluded that the ALJ's residual functioning capacity ("RFC") portrayed Plaintiff accurately. (R&R at 29).

The Court will address Plaintiff's first and third objections together. In his first objection, Plaintiff challenges the Magistrate Judge's determination that substantial evidence supports the finding that Plaintiff is not disabled under Listing 1.02 because he can ambulate and perform fine gross movements effectively. (*See* Pl.'s Objs. at 2-3). In this third objection,

Plaintiff challenges Magistrate Judge Majzoub's conclusion that substantial evidence supports the ALJ's determination that Plaintiff did not satisfy Paragraph B or C of Listings 12.02 or 12.04. These same arguments were presented to, and rejected by, Magistrate Judge Majzoub. Plaintiff merely cites evidence that supports his positions, but does not address the evidence relied upon by the ALJ to support the opposite conclusions. "The substantial-evidence standard. . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (citing *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)). Magistrate Judge Majzoub cited sufficient evidence from the administrative record that supports the finding that Plaintiff can ambulate and perform fine gross movements effectively. Additionally, Magistrate Judge Majzoub cited sufficient evidence to support the conclusion that Plaintiff does not have marked restriction of activities of daily living or social functioning, does not have repeated episodes of decompensation, and is able to function without a highly supportive living arrangement. (See R&R at 25-28). Based upon this evidence considered by the ALJ, the ALJ's determination falls within his zone of choice. The Court concurs with Magistrate Judge Majzoub's reasons for rejecting these arguments. (*See Id*. at 21-24, 25-28).

In his second objection, Plaintiff objects to Magistrate Judge Majzoub's finding that Plaintiff has not established that he has an epileptic disorder. After reviewing the administrative record, the Court agrees that Plaintiff has failed to provide the required documentation under Listings 11.02 and 11.03. Listing 11.02 requires a "detailed description of a typical seizure

pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment." 20 C.F.R. § 404, Subpt P, APP 1, § 11.02. Similarly, listing 11.03 requires a "detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment." 20 C.F.R. § 404, pt P, APP 1§ 11.03. This evidence is simply not contained within the administrative record. In fact, the ALJ provided Plaintiff 30 days after his hearing to submit documentation to support his claims of epileptic disorder, but Plaintiff failed to supplement the record. (*See* AR at 83-84). Accordingly, Plaintiff's second objection is overruled.

      Finally, Plaintiff objects to Magistrate Judge Majzoub's determination that the ALJ's RFC "accurately portrayed Plaintiff's limitations." (R&R at 28). Specifically, Plaintiff contends that the ALJ's RFC failed to account for Plaintiff's epilepsy and seizure disorder. As stated above, however, Plaintiff has not submitted sufficient documentary evidence to support his claims of epilepsy and seizure. Therefore, the hypothetical presented to the vocational expert was proper.

      Accordingly, the Court ACCEPTS and ADOPTS the July 18, 2012 R&R (Docket Entry No. 29).

      IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Docket Entry No. 25) is DENIED.

      IT IS FURTHER ORDERED that the Commissioner's Motion for Summary Judgment (Docket Entry No. 27) is GRANTED and this Court hereby AFFIRMS the Commissioner's

decision.

       IT IS SO ORDERED.

                                S/Sean F. Cox
                                Sean F. Cox
                                United States District Judge

Dated: August 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2012, by electronic and/or ordinary mail.

                                S/Jennifer Hernandez
                                Case Manager